# In the United States Court of Federal Claims

No. 19-791C

(Filed: June 5, 2019)

```
*****************************  *
                               *
WALTER ALLEN,                  *
                               *
              Plaintiff,       *
                               *
v.                             *
                               *
UNITED STATES,                 *
                               *
              Defendant,       *
                               *
*****************************  *
```

## DISMISSAL ORDER

WHEELER, Judge.

On May 21, 2019, *pro se* plaintiff Walter Allen filed a complaint in this Court requesting money damages and injunctive relief for the allegedly wrongful denial of his application for Disability Retirement. Pursuant to its inherent authority, this Court *sua sponte* DISMISSES Mr. Allen's complaint for lack of subject-matter jurisdiction.

### Background

Mr. Allen is a New York City resident and former employee of the New York City Department of Corrections who alleges that the New York City Employees' Retirement System ("NYCERS") wrongfully denied his application for Disability Retirement. Compl. at 1. The Department of Corrections applied to NYCERS for Disability Retirement on Mr. Allen's behalf, citing "Major Depression, Recurrent/General Anxiety Syndrome." Compl. Ex. 1 at 6. The NYCERS Medical Board recommended that NYCERS deny Mr. Allen's application, based on a doctor's evaluation that Mr. Allen did not present any evidence of psychiatric disability and the Board's interview with Mr. Allen. Compl. Ex. 1 at 14-17. Although Mr. Allen did not submit any documentation to this effect, NYCERS presumably followed the Medical Board's recommendation and denied Mr. Allen's Disability Retirement application.

7018 0040 0001 1393 4328

Mr. Allen claims that he was "misrepresentationed or/and unrepresentationed" [sic] in his application process and that his application was "ignored" and "unprocessed," in violation of his right to receive Disability Retirement under N.Y. Retire. & Soc. Sec. Law § 506 (Consol.). Compl. at 1-2. He requests $900 quadrillion (also listed inconsistently as $900 zillion and $900 trillion in the complaint) in money damages and asks the Court to approve his Disability Retirement application. Compl. at 5.

## Discussion

Subject-matter jurisdiction may be challenged at any time by the Court *sua sponte*. Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). In deciding whether it has subject-matter jurisdiction, the Court "accepts as true all uncontroverted factual allegation in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although the Court holds *pro se* pleadings to a lower standard, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of evidence. See Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

This Court clearly lacks subject-matter jurisdiction over Mr. Allen's claim. This Court cannot hear claims against state agents because it can only hear claims against the United States. See Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011). This Court also does not have jurisdiction over claims based on state law because these claims do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331.

Mr. Allen's alleged claim is against NYCERS, a state agency, for wrongfully denying his Disability Retirement, compl. at 1, and is based on New York State's Retirement and Social Security Law, compl. Ex. 1 at 18. Therefore, the Court does not have subject-matter jurisdiction over Mr. Allen's claim.

## Conclusion

For the reasons above, the Court *sua sponte* DISMISSES Mr. Allen's complaint for lack of subject-matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge

2